FLORIAN FRIEDMAN AND ADEL FRIEDMAN, APPELLANTS, *v.* THE GOLD AND STOCK TELEGRAPH COMPANY, RESPONDENT.

*Telegraph company —formed to transmit stock quotations and other news — it cannot refuse to furnish the news to one wishing to subscribe for it.*

The complaint alleged that the defendant was a corporation organized and doing business under the laws of this State in respect to telegraph companies; that it maintains and operates lines from the Stock Exchange, in New York, through various portions of that city and of Brooklyn; that it "was organized and is maintained for the purpose of transmitting, and its object is to transmit over the lines so established by it, and through its stock reporting instruments and general news reporting instruments, to all persons who hold, and to all persons who desire to hold, its said stock and news reporting instruments, certain quotations, news and information, which quotations, news and information are owned and controlled by it for the purpose of being so transmitted." It then alleged that the plaintiffs had entered into an agreement by which the defendant had agreed to, and had placed in their office the said instruments and furnished the said information, the agreement to continue in force until May 1, 1882; that shortly before that date the defendant threatened to remove the said instruments, and refused to continue or renew the said agreement, which would result in great loss to the plaintiffs. The plaintiffs prayed for an injunction restraining the removal of the instruments or their disconnection from the defendant's wires.

*Held,* that a demurrer interposed to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, should be overruled.

That the defendant being a public corporation should make no distinction in respect to the persons who wished to partake of the privileges which it was created to furnish.

*Breese* v. *The United States Telegraph Company* (48 N. Y., 132) distinguished.

APPEAL from an order sustaining a demurrer interposed to the complaint, and from a judgment in favor of the defendant entered thereon.

The plaintiffs sue to prevent the defendant from depriving them of two stock instruments and thereby injuring their business.

The complaint alleged, in substance, that the plaintiffs are copartners and dealers in stocks; that the defendant is a corporation organized and doing business under and by virtue of the laws of the State of New York in respect to telegraph companies, passed April 12, 1848, and subsequently, and the several acts amendatory thereto; that it uses and maintains telegraph lines, under and by virtue of said acts, from the Stock Exchange, in the city of New

York, through various portions of the said city and of the city of Brooklyn; that said defendant "was organized and is maintained for the purpose of transmitting, and its object is to transmit over the lines so established by it, and through its stock reporting instruments and general news reporting instruments, to all persons who hold, and to all persons who desire to hold, its said stock and news reporting instruments, certain quotations, news and information, which quotations, news and information are owned and controlled by it for the purpose of being so transmitted;" that the instruments in question, consisting of a stock reporting instrument and a general news reporting instrument, were placed in plaintiffs' office about October 1, 1880, and remained there until May 1, 1881, under an oral promise on plaintiffs' part to pay for them at the rate of $200 per month; that prior to May 1, 1881, the defendant assented to a proposition to reduce the price to $125 per month on condition that plaintiffs would enter into an agreement to keep the instruments at this reduced price for at least one year; that plaintiffs accepted this condition, and thereupon a contract was made by which they agreed to keep the instruments till the 1st of May, 1882; that just prior to May, 1882, the defendant threatened to remove the instruments, whereupon this suit was brought and the injunction obtained; that plaintiffs' business is such that it cannot be carried on unless they have the use of the information conveyed through the instruments in question; that they have gone to great expense in renting and fitting up their offices in New York and Brooklyn, and a great loss will be caused to them in this respect if the instruments are removed; that they are willing to pay any price paid by others for the instruments, and to conform to any conditions imposed on others; that it is the universal custom of the defendant to place such instruments in all hotels, saloons, offices, stores, and all other places where they are wanted.

The defendant first answered the complaint, but just before the case was about to be tried it obtained leave to withdraw the answer and to interpose a demurrer, which was sustained by the court.

*F. W. Catlin,* for the appellants.

*Melville Egleston* and *C. W. West,* for the respondent.

Barnard, P. J.:

It seems to me that it is not the correct view of this complaint to assume from it that the company defendant is only to be held responsible for non-performance of duty specified in sections 11 and 12, of chapter 265, Laws of 1848. The duties which the commissioners are required to perform to the public are therein defined it is true. The complaint, however, charges that this telegraph company was organized and is maintained for the purpose of transmitting, and its object is to transmit over its lines " and through its stock reporting instruments and general news reporting instruments, to all persons who hold and to all persons who desire to hold its said stock and news reporting instruments, certain quotations, news and information, which quotations, news and information are owned and contributed by it for the purpose of being so transmitted." Telegraph companies are public; have the right to take land under the laws providing that lands may be taken for a public use. The act requires them to transmit dispatches " with impartiality and good faith."

For the purpose of applying to a profitable use certain instruments owned by it, the defendant has applied its lines to these instruments whenever required by persons who desire to use the instruments and has entered upon the business of collecting a certain class of news and transmitting it over its wires to the individuals using the instruments. The defendant still remains a public corporation owing the duty impartially to grant the right to all who comply with its rules to have the privileges furnished. That there is no objection appears from the complaint. The plaintiffs have the instruments and pay, and are willing to pay, the price agreed upon which shall be established. The defendant has no right arbitrarily to take away the instruments by force without default. The case of *Breese* v. *The United States Telegraph Company* (48 N. Y., 132) does not touch a case like this. It is there decided that a by-law requiring important messages to be returned and verified at half rates was not an unreasonable by-law. This case seems to be an entire new one in the courts of this State. Upon principles of justice a public corporation should make no distinction in respect to persons who wish to partake of the privileges which it was created to furnish.

The corporation can either be deemed to have assumed to forward to the plaintiffs every message transmitted over its wires, or to be a public corporation to do the acts it undertakes to do in the way provided by it by means of the line erected for public use.

The judgment should be reversed, and demurrer overruled, with leave to defendant to answer in twenty days on payment of costs.

PRATT, J., concurred.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment sustaining demurrer to plaintiff's complaint reversed; and demurrer overruled, with leave to defendant to answer in twenty days on payment of costs.